JS-6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGARDO O. MENA, | ) | NO. CV 17-5062-JGB (KS) |
| Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| WILLIAM MUNIZ, Warden, | ) | |
| Respondent. | ) | |

On July 10, 2017, Edgardo O. Mena ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") under 28 U.S.C. § 2254. (Dkt. No. 1.)

Petitioner challenges a 2012 state court conviction – and accompanying state prison sentence – for lewd acts upon a child under the age of 14 (California Penal Code ("Penal Code") § 288(a)), aggravated sexual assault of a child by means of rape (Penal Code § 269(a)(1)), and related charges. (Petition at 2.) However, in 2015 this Court denied a prior habeas petition challenging the same conviction. *See also Edgardo Ottoniel Mena v. William Muniz*, C.D. Cal. No. CV 15-2691-JGB (KS), at Dkt. Nos. 1 ("2015 Petition"), 24 ("2015 Report and Recommendation"), 26 (Order Adopting Report and Recommendation).

1

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

Petitioner appealed his 2012 conviction in the California Court of Appeal, which affirmed the judgment of the trial court on October 17, 2013. 2015 Report and Recommendation at 2. Petitioner then filed a petition for review in the California Supreme Court, which was denied summarily on January 15, 2015. *Id.* Petitioner did not seek collateral review in the state courts. *Id.*

On April 10, 2015, Petitioner filed a Petition For Writ Of Habeas Corpus ("2015 Petition") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. On December 23, 2015, United States District Judge Jesus G. Bernal issued an order dismissing the 2015 Petition with prejudice on its merits. On August 23, 2016, the Ninth Circuit denied Petitioner's request for a certificate of appealability. *Edgardo Ottoniel Mena v. William Muniz*, No. 16-55075 (9th Cir. Aug. 23, 2016).

However, the instant Petition, like the 2015 Petition, concerns Petitioner's 2012 conviction and presents similar claims to Grounds One and Two of the 2015 Petition. There is also no indication from either the Petition itself or the Ninth Circuit docket that the Ninth Circuit granted Petitioner leave to file a second or successive petition. Accordingly, on July 13, 2017, the Court ordered Petitioner to show cause no later than August 12, 2017 why the Petition should not be dismissed as second or successive. However, more than two weeks

have now passed since Petitioner's deadline for a response to the Court's Order to Show Cause, and Petitioner has not responded to that Order to Show Cause. Instead, Petitioner has sought to appeal the matter to the Ninth Circuit. (*See* Dkt. Nos. 7, 8.)

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 2015 Petition, Petitioner sought Section 2254 relief based on the same state conviction at issue here. This Court dismissed the 2015 Petition with prejudice on its merits. Accordingly, the current Petition is second or successive within the meaning of Section

2244(b). Further, Petitioner has not received leave from the Ninth Circuit to bring a second or successive Section 2254 petition. Because Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim alleged in the instant Petition, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Consequently, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the Ninth Circuit to raise his claims in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[1] The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: August 29, 2017

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

Karen L. Stevenson
United States Magistrate Judge

---

[1] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).